**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 1, 2007**

**TENTH CIRCUIT**

RANDY L. LESKE,

      Petitioner-Appellant,

v.

HOYT BRILL, Warden of the Kit
Carson Correctional Center in
Burlington, Colorado; JOSEPH
ORTIZ, Executive Director of the
Colorado Department of Corrections;
and THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents-Appellees.

No. 06-1535
(D.C. No. 06-CV-1835-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Petitioner Randy L. Leske is a prisoner in the custody of the Colorado

Department of Corrections and is currently housed at the Kit Carson Correctional

Center in Burlington, Colorado.  In 2006, Mr. Leske filed a *pro se* application for

a writ of habeas corpus in the United States District Court for the District of

Colorado under 28 U.S.C. §§ 2241 and 2254 challenging his 1994 conviction in

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Denver District Court for various sex crimes against a child, as well as his sentence of 28 years' imprisonment. After Mr. Leske responded to the magistrate's order to show cause as to why his petition should not be dismissed as untimely, the district court denied the application and dismissed the action as barred by the limitation period in 28 U.S.C. § 2244(d). The district court also issued an order denying the application for a certificate of appealability ("COA"). *See* 10th Cir. R. 22.1. Mr. Leske now seeks a COA from this court.[1]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). We have held that under this standard an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (internal quotation omitted). When a district court has dismissed a habeas petition on procedural grounds, a COA will issue only when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable

---

[1] In addition to his motion for a COA filed February 27, 2007, Mr. Leske filed a second motion asking this court to issue a COA on May 25, 2007. This second motion apparently was filed in response to the government's notice that it did not intend to file a brief unless ordered to do so. Mr. Leske's second motion raises no separate issues and will be considered along with his first motion.

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Having reviewed Mr. Leske's brief on appeal and the record below, we likewise decline to issue a COA for substantially the same reasons as those stated by the district court. The Colorado Supreme Court affirmed Mr. Leske's conviction on April 13, 1998. *See People v. Leske*, 957 P.2d 1030 (Colo. 1998); *see also* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.A. § 2254; § 2241 (Docket Entry 3) (hereinafter "Application") at 2. According to his petition, Mr. Leske filed two motions for post-conviction relief in the Colorado courts. His first was filed on January 31, 2000, and the proceedings related to that motion remained pending until March 5, 2003. Application at 3-4. On September 24, 2003, Mr. Leske filed a second state petition for post-conviction relief and this matter proceeded in state court until November 28, 2005. Application at 4-5. Mr. Leske then filed his current federal habeas application on August 29, 2006.

Under Section 2244(d)(1), a one-year limitation period applies to an application for a writ of habeas corpus in federal district court. Relevant to this action, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), but it is tolled during the time state

post-conviction review is pending, *see id.* § 2244(d)(2).[2]  Mr. Leske has not

alleged that he petitioned the United States Supreme Court for review of the

decision of the Colorado Supreme Court, so the applicable one-year limitation

period began running when the time to petition the United States Supreme Court

expired – that is, on July 13, 1998.  *See Locke v. Saffle*, 237 F.3d 1269, 1273

(10th Cir. 2001); *see also* U.S. Sup. Ct. R. 13 (petition for writ of certiorari is

timely if filed within 90 days of entry of judgment by state court).

We agree with the district court that, because Mr. Leske did not file for

post-conviction relief in the Colorado state courts until January 2000, his federal

petition was untimely by over a year.  Mr. Leske argues against this conclusion by

noting that he was required to exhaust his state court remedies before proceeding

to federal court, and that because his state-court filings were timely under state

law, his federal limitation period did not begin to run until November 2005 when

his second state court review became final.  Opening Br. on Appeal at 2;

Response to Order to Show Cause (Docket Entry 10) at 3-5.  But those arguments

run afoul of the plain language of the statute, which tolls the limitation period

only during the time in "which a properly filed application for State post-

conviction relief . . . is pending," 28 U.S.C. § 2244(d)(2), not during the time

*preceding* the state filing.  We have consistently affirmed this reading of the

---

[2]  We concur with the district court's ruling that the other provisions of Section 2244(d)(1) do not apply to Mr. Leske's application.

- 4 -

statute in our decisions holding that a collateral petition filed in state court after the limitation period has expired does not serve to toll the statute of limitations for a federal habeas petition. *See, e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations."). We are bound by these holdings.[3]

Accordingly, we are obliged to deny Mr. Leske's requests for COA and to dismiss his appeal. We grant his motion to proceed *in forma pauperis*. Mr. Leske's request for an evidentiary hearing is moot. *So ordered.*

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[3] Mr. Leske has not argued that he is entitled to equitable tolling of the limitation period, and, like the district court, we see no extraordinary circumstances in this case meriting such relief from the statutory time bar. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").