**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY CASTILLO SANCHEZ,

     Petitioner - Appellant,

v.

MAURICE WARRIOR,[*] Interim Warden,
Oklahoma State Penitentiary,

     Respondent - Appellee.

No. 15-6043
(D.C. No. 5:10-CV-01171-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]
_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

## I.  BACKGROUND

Anthony Sanchez was convicted in Oklahoma state district court of first degree

murder, first degree rape, and forcible sodomy.  App. at 44.  His respective sentences for

those convictions were death, 40 years in prison, and 20 years in prison.  App. at 45.  The

Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences on

_____

[*] Under Fed. R. App. P. 43(c)(2), Deputy Maurice Warrior is substituted for Anita
Trammell as Interim Warden of the Oklahoma State Penitentiary, effective October 28,
2015.

[**] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

direct appeal and denied his application for post-conviction relief. App. at 362. The OCCA set forth the relevant underlying facts in its published opinion on direct appeal and we do not repeat them here. *See Sanchez v. State*, 223 P.3d 980, 987-90 (Okla. Crim. App. 2009).

The federal district court denied Mr. Sanchez's application for habeas relief under 28 U.S.C. § 2254 and denied a certificate of appealability ("COA"). App. at 418, 421. He moved for a COA in this court on six issues. Doc. 10283244 (June 30, 2015). Following a case management conference, Judge Murphy issued an order stating that no COA "had been issued by the district court or this court." Doc. 10297889, at 1 (Aug. 26, 2015). The order said that Mr. Sanchez may file a renewed request for a COA for consideration by the merits panel. *Id.* He has done so, the state has responded, and he has replied. Doc. 10302778 (Sept. 15, 2015); Doc. 10304244 (Sept. 22, 2015); Doc. 10306461 (Sept. 29, 2015).

Having considered Mr. Sanchez's renewed request for a COA and the arguments presented, we concur with the judges who have previously considered this matter and do not grant a COA.

## II. **DISCUSSION**

### A. *Legal Standards*

Mr. Sanchez may not appeal the district court's denial of his § 2254 application without a COA. 28 U.S.C. § 2253(c)(1)(A); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "that reasonable jurists could debate

whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs federal habeas review of state court decisions. *See* 28 U.S.C. § 2254. If state court proceedings adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2); *see also Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). In addition, the state courts' factual determinations "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).

In deciding whether to grant a COA, we are required to "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336.

Because the district court denied one of Mr. Sanchez's issues for which he seeks a COA on procedural grounds "without reaching the prisoner's underlying constitutional claim," we cannot grant a COA on that issue unless he shows both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *accord Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007).

A state prisoner may not obtain federal habeas relief unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. However, if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (citation and quotations omitted). "[W]e do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (quotations omitted). The fundamental miscarriage of justice exception to the procedural default rule "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quotations omitted).

### B.  Analysis

Mr. Sanchez seeks a COA on six issues.

1. **Sufficiency of the evidence (Petition Ground I)**

In his habeas petition, Mr. Sanchez challenged the sufficiency of the evidence as to all three convictions, arguing he was convicted in violation of due process under *Jackson v. Virginia*, 443 U.S. 307 (1979). App. at 51-68. Reasonable jurists could not debate the district court's denial of this claim.

As to Mr. Sanchez's first-degree murder and first-degree rape charges, the OCCA did not unreasonably apply federal law in concluding the prosecution presented sufficient evidence to support the convictions. Throughout this case, including now, Mr. Sanchez cannot overcome the DNA evidence from sperm found on the victim's clothing linking him to the crimes. He has not impeached that evidence, including the expert's testimony that his DNA would have common alleles with his father, the only person Mr. Sanchez points to as a possible alternative perpetrator in the case, but that their DNA would not be the same. The corroborating evidence of Mr. Sanchez's shoeprints at the murder scene and the call from the victim's cell phone to Mr. Sanchez's ex-girlfriend the day following the crimes undermines any suggestion, which is implausible in the first place, that his DNA was planted on the victim. The OCCA's determination that Mr. Sanchez has not shown that no reasonable jury could have found him guilty of the crimes, *see Sanchez*, 223 P.3d at 1002-03, is subject to AEDPA deference. The district court concluded the OCCA's decision was reasonable. App. at 376. Mr. Sanchez has not shown otherwise. Reasonable jurists could not debate the district court's denial of this claim.

As to Mr. Sanchez's forcible sodomy claim, the district court found the challenge to be unexhausted and procedurally barred. App. at 377-78. It also denied the claim on the merits, as it may under 28 U.S.C. § 2254(b)(2). App. at 378. We will do the same. When reviewing an unexhausted claim that was not decided on the merits by the state courts, "we review the district court's legal conclusions de novo and its factual findings, if any, for clear error." *Spears v. Mullin*, 343 F.3d 1215, 1225 (10th Cir. 2003). Mr. Sanchez argues the evidence was insufficient to convict him of forcible sodomy for the

same reasons he argued the evidence was insufficient to convict him of first-degree murder and first-degree rape. App. at 33, 51-68. As described above, Mr. Sanchez has failed to impeach the DNA evidence and circumstantial evidence used to obtain this conviction. Reasonable jurists could not debate whether the district court correctly denied Mr. Sanchez's claim as to the forcible sodomy conviction.

We therefore deny a COA on this claim as to all three convictions.

2. **Examination of jurors regarding death penalty views (Petition Ground II)**

Mr. Sanchez raised this issue on direct appeal, and the OCCA decided it on the merits. *Sanchez*, 223 P.3d at 995-97. He objected to questions drawn from the state pattern jury instructions and argued the trial court did not take adequate steps to ensure the jurors would not automatically impose the death penalty. *See id.* at 995, 997. The OCCA determined that the jurors empaneled in this case indicated they could consider the three possible punishments for first degree murder—life, life without the possibility of parole, and death—and would not automatically sentence Mr. Sanchez to death. *See id.* at 995, 997. It recognized the trial court conducted extensive voir dire to determine the jurors understood the questions. *Id.* at 995. Mr. Sanchez also had the opportunity to ask prospective jurors—including each of the jurors eventually empaneled—about their death penalty views. *Id.* at 997. The OCCA concluded the court had thereby "cleared up any of the confusion." *Id.* Mr. Sanchez has not shown otherwise.

The district court, applying AEDPA deference, concluded that the OCCA's decision was reasonable and not contrary to or an unreasonable application of *Morgan v.*

*Illinois*, 504 U.S. 719, 729 (1992), and *Wainwright v. Witt*, 469 U.S. 412, 485 (1985), the governing Supreme Court law.  App. at 382-84.

In light of the district court's and counsel's careful and extensive inquiries into the jurors' views on the death penalty, we conclude reasonable jurists could not debate the district court's conclusion.  We therefore deny a COA.

3. **Ineffective assistance of trial counsel (Petition Ground V)**

Mr. Sanchez seeks a COA on whether his trial counsel was ineffective in failing to investigate and present evidence that another person—his father—committed the crimes. Doc. 10302778, at 20-21.  Mr. Sanchez raised this issue for the first time in his federal habeas petition.  The district court found he had not exhausted the claim in state court, it was subject to anticipatory procedural bar, and Mr. Sanchez had not made an actual innocence showing to excuse the procedural default.  App. at 397-401.

Mr. Sanchez has attempted to demonstrate actual innocence by theorizing that the evidence might have shown his father committed the crimes.  Doc. 10302778, at 20-21. As addressed above, Mr. Sanchez's argument fails because DNA evidence linked Mr. Sanchez to the crime scene and although his DNA shares common alleles with his father's, their DNA is not the same.  Mr. Sanchez has provided no basis on which reasonable jurists could debate either the district court's procedural ruling or whether Mr. Sanchez has made a substantial showing of a constitutional violation.  We therefore deny a COA.

4. **Ineffective assistance of appellate counsel regarding absence from first day of voir dire (Petition Ground VI)**

Mr. Sanchez claimed in his state post-conviction proceeding that his appellate counsel was ineffective for failing to complain on appeal that he was absent from a portion of the first day of jury selection. *See* App. at 401-02, 405-07.

The OCCA concluded there was no prejudicial error arising from his absence and denied the claim. App. at 406. In the state trial court, Mr. Sanchez had declined to attend the beginning of voir dire proceedings because he objected to wearing a shock sleeve for security reasons. App. at 405; *Sanchez*, 223 P.3d at 995. During his absence, the court provided a brief orientation to the jury pool about such matters such as punctuality, logistics, courthouse personnel, and the basics of voir dire. App. at 405.

The district court denied relief, concluding the OCCA had not unreasonably applied *Snyder v. Massachusetts*, 291 U.S. 97 (1934), *overruled in part on other grounds by Malloy v. Hogan*, 378 U.S. 1 (1964), and *Strickland v. Washington*, 466 U.S. 668 (1984). App. at 405-07.

Mr. Sanchez's presence during the orientation would not have contributed in any substantial way to his opportunity to defend himself. *See Snyder*, 291 U.S. at 105-06. Mr. Sanchez's counsel's failure to complain on this ground would consequently fail both prongs of the *Strickland* standard. Reasonable jurists could not debate the district court's decision to deny relief on this issue, and a COA is not warranted.

### 5. **Trial while in restraints (Petition Ground III)**

Mr. Sanchez wore leg irons around his ankles during trial. *Sanchez*, 223 P.3d at 991. On direct appeal, the OCCA held the trial court erred by using leg irons without making findings that Mr. Sanchez was a threat. *Id.* at 994. But the court concluded the error did not have a substantial influence on the trial because no juror actually viewed him in restrains. *Id.* at 994-95.

The district court concluded that the OCCA's resolution of this issue was not an unreasonable application of *Deck v. Missouri*, 544 U.S. 622 (2005), which holds that the Constitution forbids the use of *visible* shackles. App. at 386. The court noted that evidence on juror perceptions had been received at an evidentiary hearing during his direct appeal proceedings supporting the OCCA's determination that the jurors never saw Mr. Sanchez's leg irons. App. at 386.

Mr. Sanchez has not rebutted the presumption by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), that the OCCA correctly found that the shackles were not visible. Indeed, his brief states, "No jurors, according to testimony at [the] evidentiary hearing, saw the shackles." Doc. 10302778, at 24. Mr. Sanchez requests a COA because one juror "said she assumed Mr. Sanchez was 'somehow restrained.'" *Id.* at 23 (quoting Evid. Hearing Tr. at 35-37). He does not show how the OCCA unreasonably applied *Deck*, nor does he show any clearly established Supreme Court law holding that the use of shackles that are not visible is a constitutional violation. Reasonable jurists could not debate whether the district court correctly denied relief on this basis. We therefore deny a COA.

6. **Federal district court's denial of motions for investigator, discovery, and an evidentiary hearing**

These motions are inextricably linked to the sufficiency of the evidence, trial counsel effectiveness, and shackling issues. Because we deny a COA on those issues, and because Mr. Sanchez otherwise provides no more than speculative reasons for these requests, we deny a COA to review the district court's denial of these motions. *See* 28 U.S.C. § 2254(e)(2); *Leske v. Brill*, 236 F. App'x 391, 394 (10th Cir. 2007) (unpublished).[1]

### III. **CONCLUSION**

We deny a COA on each issue and dismiss this matter.

ENTERED FOR THE COURT

ELISABETH A. SHUMAKER, Clerk

---

[1] Although not precedential, we find this unpublished opinion instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.