OSCN Found Document:SANCHEZ v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SANCHEZ v. STATE
2017 OK CR 22
Case Number: PCD-2017-666
Decided: 08/22/2017
ANTHONY CASTILLO SANCHEZ, Petitioner, v. THE STATE OF OKLAHOMA, Respondent.
Cite as: 2017 OK CR 22, __ __

 

 





ORDER DENYING SECOND APPLICATION FOR POST-CONVICTION RELIEF
AND RELATED MOTIONS FOR DISCOVERY AND EVIDENTIARY HEARING


¶1 Anthony Castillo Sanchez, Petitioner, was tried by jury and found guilty of Count 1, first degree murder, in violation of 21 O.S.Supp.1996, § 701.7(A); Count 2, first degree rape, in violation of 21 O.S.1991, § 1114(A)(3); and Count 3, forcible sodomy, in violation of 21 O.S.Supp.1992, § 888(B)(3), in Cleveland County District Court, Case No. CF-2000-325. The jury found three aggravating circumstances[1] and sentenced Petitioner to death in Count 1, forty (40) years imprisonment and a $10,000 fine in Count 2, and twenty (20) years imprisonment and a $10,000 fine in Count 3. The Honorable William C. Hetherington, District Judge, pronounced the judgment and sentence on June 6, 2006. On December 14, 2009, this Court affirmed. Sanchez v. State, 2009 OK CR 31, 223 P.3d 980. The Supreme Court denied certiorari in Sanchez v. Oklahoma, 562 U.S. 931, 131 S.Ct. 326, 178 L.Ed.2d 212 (2010).

¶2 Petitioner sought capital post-conviction relief in an original application filed on January 26, 2009, which this Court denied in an unpublished order. Sanchez v. State, No. PCD-2006-1011 (Okl.Cr., April 19, 2010)(unpublished). The United States District Court denied a petition for writ of habeas corpus in Sanchez v. Trammell, 2015 WL 672447 (W.D.Okla. 2015). The United States Court of Appeals for the Tenth Circuit denied a certificate of appealability, Sanchez v. Warrior, 636 Fed. Appx. 971 (10th Cir. 2016), and the Supreme Court again denied certiorari. Sanchez v. Duckworth, ___ U.S. ___, 137 S.Ct. 119, 196 L.Ed.2d 96 (2016).

¶3 Mr. Sanchez has now filed a second application for post-conviction relief with related motions for discovery and an evidentiary hearing. Petitioner claims that newly discovered evidence of a "greater risk of execution" due to his race and/or the race and/or gender of the victim violates his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, and parallel provisions of the Oklahoma Constitution. Petitioner relies principally on the findings of Glenn Pierce, Michael Radelet, and Susan Sharp, authors of "Race and Death Sentencing for Oklahoma Homicides, 1990-2012," a draft study of the impact of race, gender, and other factors on the likelihood of capital punishment. The study was publicly released on April 25, 2017 as Appendix IA to The Report of the Oklahoma Death Penalty Review Commission ("The Report").[2]

¶4 Pierce, Radelet, and Sharp found that for the studied period, Oklahoma homicides with white victims were about twice as likely to result in capital punishment as those with non-white victims, id., at 218; and the odds of capital punishment for homicides with white female victims were about 9.6 times that of cases with non-white male victims. id., at 219. From these findings, Petitioner asserts that his race and/or the race and/or gender of his victim were "decisive" factors in his punishment; that the prosecutors' decision to seek the death sentence and the jury's decision to impose it are tainted by unlawful race and gender discrimination; and that the death sentence violates his constitutional rights.

¶5 In his related motions, Petitioner requests court-ordered discovery and an evidentiary hearing to explore "the ways in which race and gender influenced various decision makers in his case," including access to the district attorney's office policies and procedures for seeking the death penalty; extensive race and gender data for homicides from 1990 to 2012; data for all first degree murder cases prosecuted for the same period; data for all cases from 1990 to 2012 in which the death penalty was sought; the race, gender, and name of victims in these cases; and the ultimate sentence imposed.

¶6 This Court may not consider a second application for capital post-conviction relief unless its claims "have not been and could not have been previously presented in the original application because the factual or legal basis was unavailable," as defined in section 1089(D) of Title 22. Rule 9.7(G)(1), Rules of the Oklahoma Court of Criminal Appeals, 22 O.S.Supp.2016, Ch. 18, App. Such an application must be filed within sixty (60) days "from the date the previously unavailable legal or factual basis serving as the basis for a new issue is announced or discovered." Rule 9.7(G)(3).

¶7 The factual basis for a capital post-conviction claim is "unavailable" when the facts underlying the claim "were not ascertainable through the exercise of reasonable diligence" on or before the filing of the original post-conviction application; and when those facts, viewed in light of the evidence as a whole, "would be sufficient to establish by clear and convincing evidence that, but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death." 22 O.S.Supp.2016, § 1089(D)(8)(a), (b)(1) and (2).

¶8 The factual basis for Petitioner's new post-conviction claim is the statistical analysis of race, gender, and comparative sentencing outcomes in Oklahoma homicides in the 2016 study by Pierce, Radelet, and Sharp. While we understand Petitioner's view that this study is "newly discovered evidence" as of its publication in 2017, Petitioner has not shown sufficient specific facts to establish that the identified patterns of race and gender disparity were "not ascertainable through the exercise of reasonable diligence on or before" his original post-conviction application in 2009.[3] Post-conviction relief on this claim is therefore procedurally barred. 22 O.S.2011, §§ 1089(D)(8)(a), (b)(1).

¶9 Secondly, Petitioner's proffered evidence, even "if proven and viewed in light of the evidence as a whole," is insufficient "to establish by clear and convincing evidence that, but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death," as required for post-conviction review under 22 O.S.2011, § 1089(D)(8)(b)(2). On direct appeal, this Court "reviewed the record of this trial and concluded the jury was not improperly influenced by passion, prejudice, or any other arbitrary factor" in its finding of specific aggravating circumstances, and that those circumstances outweighed the mitigating evidence. This Court independently concluded that the jury's death sentence was "factually supported and appropriate." Sanchez, 2009 OK CR 31, ¶ 106, 223 P.3d at 1014.

¶10 Current research, indicating "rather large disparities in the odds of a death sentence that correlated with the gender and race of the victim"[4] in Oklahoma homicides generally over the last two decades, is simply not clear and convincing evidence that the prosecutors who sought, or the jury that imposed, this death sentence improperly considered race and/or gender in making complex discretionary decisions. Cf. McCleskey v. Kemp, 481 U.S. 279, 296-97, 107 S.Ct. 1756, 1769, 95 L.Ed.2d 262 (1987) (finding a statistical study indicating pattern of racial disparity insufficient to raise an inference of purposeful discrimination in the inherently discretionary administration of capital punishment). The legitimate and far more plausible reason for Petitioner's death sentence is his guilt of a premeditated, aggravated murder for which the death penalty was authorized by law. His claim is therefore procedurally barred under 22 O.S.2011, § 1089(D)(8)(b)(2).

¶11 This Court "may not consider the merits of or grant relief" on a procedurally barred claim in a second or subsequent capital post-conviction proceeding. 22 O.S.2011, § 1089(D)(8). Petitioner has not shown that the current claim could not have been presented in earlier proceedings, or that its factual basis was not ascertainable through the exercise of reasonable diligence on or before the date of Petitioner's original post-conviction application. We further find that the factual basis of the current claim, if proven and viewed in light of the evidence as a whole, would be insufficient to establish by clear and convincing evidence that, but for the improper influence of race and/or gender discrimination, no reasonable fact finder would have found Petitioner guilty or rendered the penalty of death. 22 O.S.Supp.2016, § 1089(D)(8)(b)(1), (b)(2). Petitioner's second application for post-conviction relief and related motions for discovery and evidentiary hearing are therefore DENIED.

¶12 IT IS SO ORDERED.

¶13 WITNESS OUR HANDS AND THE SEAL OF THIS COURT ON THIS 22nd DAY OF August, 2017. 

/S/GARY L. LUMPKIN, PRESIDING JUDGE

/S/DAVID B. LEWIS, VICE-PRESIDING JUDGE

/S/ROBERT L. HUDSON, JUDGE

ATTEST:


/s/John D. Hadden
Clerk



FOOTNOTES


[1] The murder was especially heinous, atrocious, or cruel; the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution; and the existence of a probability that Appellant would commit criminal acts of violence that would constitute a continuing threat to society. 21 O.S.1991, § 701.12(4), (5), and (7).



[2] https://drive.google.com/file/d/0B-Vtm7xVJVWONmdNMmM5bzk3Qnc/view



[3] See, e.g., Samuel R. Gross & Robert Mauro, Patterns of Death: An Analysis of Racial Disparities in Capital Sentencing and Homicide Victimization, 37 Stan. L. Rev. 27, 95 (1984)(finding that "the race of the victim had sizable and statistically significant effects on the likelihood that a defendant would receive the death penalty in Oklahoma")(cited as prior research in The Report, at 203-4). Pierce, Radelet, and Sharp assembled the demographic data for their 2016 analysis of race, gender, and sentencing outcomes in Oklahoma homicides from 1990 to 2012 from FBI Supplemental Homicide Reports, other publicly available resources, and independent research. The Report, at 204.



[4] The Report, at 222.










 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2009 OK CR 31, 223 P.3d 980, SANCHEZ v. STATE
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 701.7, Murder in the First Degree
Cited
 21 O.S. 701.12, Aggravating Circumstances
Cited
 21 O.S. 888, 21 O.S. 888, Forcible Sodomy
Cited
 21 O.S. 1114, Rape in First Degree - Second Degree
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1089, Post-Conviction Relief for Death Penalty Conviction - Grounds for Appeal
Discussed at Length