COLE v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:COLE v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 COLE v. STATE
2021 OK CR 28
Case Number: PCD-2020-529
Decided: 10/07/2021
BENJAMIN ROBERT COLE, SR., Petitioner v. THE STATE OF OKLAHOMA, Respondent
Cite as: 2021 OK CR 28, __ __

 

 

OPINION DENYING POST-CONVICTION RELIEF AND 
DENYING MOTION TO STAY PROCEEDINGS

LUMPKIN, JUDGE:

¶1 Benjamin Robert Cole, Sr. was tried by jury and convicted of First Degree Murder in the District Court of Rogers County, Case No. CF-2002-597. In accordance with the jury's recommendation the Honorable J. Dwayne Steidley sentenced Petitioner to death. Petitioner appealed his conviction and sentence in Case No. D-2004-1260, and this Court denied relief. Cole v. State, 2007 OK CR 27, 164 P.3d 1089. Petitioner previously sought post-conviction relief and was denied the same by this Court. See Cole v. State, Case No. PCD-2005-23 (Okl.Cr. Jan. 24, 2008)(unpublished) and Cole v. State, Case No. PCD-2020-332 (Okl.Cr. May 29, 2020)(unpublished). For the third time, Petitioner seeks post-conviction relief from this conviction and sentence.

¶2 The Capital Post-Conviction Procedure Act, 22 O.S.2011, § 1089(D)(8) provides for the filing of successive post-conviction applications. The statutes governing our review of second or successive capital post-conviction applications provide even fewer grounds to collaterally attack a judgment and sentence than the narrow grounds permitted in an original post-conviction proceeding. Sanchez v. State, 2017 OK CR 22, ¶ 6, 406 P.3d 27, 29.

¶3 In his sole proposition, Petitioner claims the District Court of Rogers County lacked jurisdiction to try him. Petitioner argues that his daughter, B.C., had some quantum of Cherokee blood and her murder occurred within the boundaries of the Cherokee Nation. He relies upon McGirt v. Oklahoma, 591 U.S. __, 140 S. Ct. 2452 (2020), in support of his claim.

¶4 Although this Court initially granted Petitioner relief based upon this proposition after an evidentiary hearing in district court,[1] we subsequently decided State ex rel. Mark Matloff, District Attorney v. The Honorable Jana Wallace, Associate District Judge, 2021 OK CR 21, __ P.3d __, and denied retroactive application of McGirt to cases on collateral review. Thereafter, prior to issuance of the mandate, the order granting post-conviction relief was withdrawn in this case.[2]

¶5 In Matloff, we began our consideration of the retroactivity issue by finding, "McGirt announced a rule of criminal procedure . . . to recognize a long dormant (or many thought, non-existent) federal jurisdiction over major crimes committed by or against Indians in the Muscogee (Creek) Reservation." Id., at ¶ 26. This rule affected only the method of deciding a criminal defendant's culpability, therefore, it was a procedural ruling. Id., at ¶ 27. We further found that the McGirt rule was new because it broke new ground, imposed new obligations on both the state and the federal governments and the result was not required by precedent existing when the conviction at issue in Matloff was final. Id., at ¶ 28.

¶6 In reaching our decision on the non-retroactivity of McGirt, this Court held that our authority under state law to constrain the collateral impact of McGirt and its progeny "is consistent with both the text of the opinion and the Supreme Court's apparent intent . . . The Supreme Court itself has not declared that McGirt is retroactive to convictions already final when the ruling was announced." Id., at ¶ 33. Ultimately, we held in Matloff that "McGirt and our post-McGirt reservation rulings shall not apply retroactively to void a final state conviction . . ." Id., at ¶ 40.

¶7 Applying Matloff to the instant case, we find Petitioner's claim in this successive post-conviction proceeding warrants no relief.

DECISION

¶8 Petitioner's Application for Post-Conviction Relief and Motion for Stay of Proceedings are DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2021), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

 

 
 
 
 APPEARANCES AT EVIDENTIARY HEARING

 MICHAEL W. LIEBERMAN
 THOMAS D. HIRD
 ASST. FEDERAL PUBLIC DEFENDERS
 215 DEAN A. MCGEE AVE., #707
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR PETITIONER

 MATTHEW J. BALLARD
 DISTRICT ATTORNEY
 210 W. DELAWARE, STE. 202
 VINITA, OK 74301
 COUNSEL FOR RESPONDENT

 MIKE HUNTER
 ATTORNEY GENERAL OF OKLAHOMA
 RANDALL YOUNG
 JULIE PITTMAN
 ASST. ATTORNEYS GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73015
 COUNSEL FOR RESPONDENT

 SARA HILL
 CHRISSI NIMMO
 CHEROKEE NATION, OFFICE OF
 THE ATTORNEY GENERAL
 P.O. BOX 1533
 TAHLEQUAH, OK 74465
 COUNSEL FOR THE CHEROKEE NATION
 
 
 APPEARANCES ON APPEAL

 MICHAEL W. LIEBERMAN
 THOMAS D. HIRD
 ASST. FEDERAL PUBLIC DEFENDERS
 215 DEAN A. MCGEE AVE., #707
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR PETITIONER

 MIKE HUNTER
 ATTORNEY GENERAL
 OF OKLAHOMA
 RANDALL YOUNG
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR RESPONDENT
 
 
 

OPINION BY LUMPKIN, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LEWIS, J.: Concur

FOOTNOTES

[1] Cole v. State, 2021 OK CR 10, 492 P.3d 11.

[2] Cole v. State, 2021 OK CR 26, __ P.3d __.

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2021 OK CR 32, COLE v. STATE
Cited


 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2007 OK CR 27, 164 P.3d 1089, COLE v. STATE
Discussed
 2017 OK CR 22, 406 P.3d 27, SANCHEZ v. STATE
Discussed
 2021 OK CR 10, 492 P.3d 11, WITHDRAWN
Cited
 2021 OK CR 21, 497 P.3d 686, STATE ex rel. MATLOFF v. WALLACE
Cited
 2021 OK CR 26, 495 P.3d 670, COLE v. STATE
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1089, Post-Conviction Relief for Death Penalty Conviction - Grounds for Appeal
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA