RYDER v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:RYDER v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 RYDER v. STATE
2021 OK CR 36
Case Number: PCD-2020-613
Decided: 10/21/2021
JAMES CHANDLER RYDER, Petitioner v. THE STATE OF OKLAHOMA, Respondent
Cite as: 2021 OK CR 36, __ __

 

OPINION DENYING SECOND APPLICATION FOR
POST-CONVICTION RELIEF AND DENYING MOTION TO STAY PROCEEDINGS
LUMPKIN, JUDGE: 
¶1 Petitioner James Chandler Ryder was convicted of two (2) counts of First Degree Murder (
21 O.S.1991, § 701.7), Case No. CF-99-147, in the District Court of Pittsburg County. In Count I, the jury recommended a sentence of life imprisonment without the possibility of parole. In Count II, the jury found the existence of two (2) aggravating circumstances and recommended the punishment of death. The Honorable Thomas M. Bartheld, District Judge, sentenced accordingly. This Court affirmed the judgment and sentence in Ryder v. State, 2004 OK CR 2, 83 P.3d 856. Petitioner's first application for post-conviction relief was denied by this Court in Ryder v. State, (Okl.Cr.2004) opinion not for publication, Case No. PCD-2002-257. The United States Supreme Court denied certiorari in Ryder v. Oklahoma, 543 U.S. 886 (2004). On September 8, 2020, Petitioner filed this second and successive application for post-conviction relief.
¶2 The Capital Post-Conviction Procedure Act, 22 O.S.2011, § 1089(D)(8) provides for the filing of successive post-conviction applications. The statutes governing our review of second or successive capital post-conviction applications provide even fewer grounds to collaterally attack a judgment and sentence than the narrow grounds permitted in an original post-conviction proceeding. See Sanchez v. State, 2017 OK CR 22, ¶ 6, 406 P.3d 27, 29.
¶3 In his sole proposition of error, Petitioner claims the District Court of Pittsburg County lacked jurisdiction to try him. Relying upon McGirt v. Oklahoma, 591 U.S. __, 140 S.Ct. 2452 (2020), Petitioner argues that the State of Oklahoma did not have jurisdiction to prosecute, convict, and sentence him for the murders of Daisy and Sam Hallum, citizens of the Choctaw Nation, when such crimes occurred within the boundaries of the Choctaw Reservation.
¶4 Although this Court initially granted Petitioner relief based upon this proposition after an evidentiary hearing in the district court,
[1] we subsequently decided State ex rel. Mark Matloff, District Attorney v. The Honorable Jana Wallace, Associate District Judge, 2021 OK CR 21, __ P.3d __, and denied retroactive application of McGirt to cases on collateral review. Thereafter, prior to issuance of the mandate, the order granting post-conviction relief was withdrawn in this case.[2]
¶5 In Matloff, we began our consideration of the retroactivity issue by finding, "McGirt announced a rule of criminal procedure . . . to recognize a long dormant (or many thought, non-existent) federal jurisdiction over major crimes committed by or against Indians in the Muscogee (Creek) Reservation." Id., 2021 OK CR 21, ¶ 26. This rule affected only the manner of deciding a criminal defendant's culpability; therefore, it was a procedural ruling. Id., 2021 OK CR 21, ¶ 27. We further found that the McGirt rule was new because it broke new ground, imposed new obligations on both the state and the federal governments and the result was not required by precedent existing when the conviction at issue in Matloff was final. Id., 2021 OK CR 21, ¶¶ 28-32.
¶6 In reaching our decision on the non-retroactivity of McGirt, this Court held that our authority under state law to constrain the collateral impact of McGirt and its progeny "is consistent with both the text of the opinion and the Supreme Court's apparent intent. . . . The Supreme Court itself has not declared that McGirt is retroactive to convictions already final when the ruling was announced." Id., 2021 OK CR 21, ¶ 33. Ultimately, we held in Matloff that "McGirt and our post-McGirt reservation rulings shall not apply retroactively to void a final state conviction" Id., 2021 OK CR 21, ¶ 40.
¶7 Applying Matloff to the instant case, we find Petitioner's claim in this successive post-conviction proceeding warrants no relief.
DECISION
¶8 Petitioner's Second Application for Post-Conviction Relief and Motion to Stay Proceedings are DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2021), the MANDATE is ORDERED issued upon the delivery and filing of this decision.





APPEARANCES BEFORE THE DISTRICT COURT
MEGHAN LeFRANCOIS
MICHAEL W. LIEBERMAN
ASST. FEDERAL PUBLIC
DEFENDERS, WESTERN
DISTRICT OF OKLAHOMA
215 DEAN A. McGEE, STE. 707
OKLA. CITY, OK 73102
COUNSEL FOR DEFENDANT
CHUCK SULLIVAN
DISTRICT ATTORNEY
109 E. CARL ALBERT PRKWY
McALESTER, OK 74501
MIKE HUNTER
ATTORNEY GENERAL
OF OKLAHOMA
JULIE PITTMAN
CAROLINE HUNT
ASST. ATTORNEYS GENERAL
313 N.E. 21ST ST.
OKLAHOMA CITY, OK 73105
COUNSEL FOR THE STATE
JACOB KEYES
P.O. BOX 1210
DURANT, OK 74702
COUNSEL FOR THE CHOCTAW
NATION JUDICIAL BRANCH
 
 
 
OPINION BY: LUMPKIN, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LEWIS, J.: Concur

APPEARANCES ON APPEAL
PATTI PALMER GHEZZI
MEGHAN LeFRANCOIS
MICHAEL W. LIBERMAN
EMMA V. ROLLS
ASST. FEDERAL PUBLIC
DEFENDERS, WESTERN
DISTRICT OF OKLAHOMA
215 DEAN A. McGEE, STE. 707
OKLA. CITY, OK 73102
COUNSEL FOR PETITIONER
MIKE HUNTER
ATTORNEY GENERAL
OF OKLAHOMA
JULIE PITTMAN
ASST. ATTORNEY GENERAL
313 N.E. 21ST ST.
OKLAHOMA CITY, OK 73105
COUNSEL FOR THE STATE
J. RENLY DENNIS
ATTORNEY AT LAW
512 N. BROADWAY, STE. 300
OKLA. CITY, OK 73102
LINDSAY DOWELL
BRIAN DUNKER
CHOCTAW NATION
OF OKLAHOMA
1802 CHUKKA HINA
DURANT, OK 74701
ATTORNEYS FOR AMICUS
CURIAE CHOCTAW NATION
FOOTNOTES
[1] Ryder v. State, 2021 OK CR 11, 489 P.3d 528.
[2] Ryder v. State, 2021 OK CR 25, __ P.3d __.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2004 OK CR 2, 83 P.3d 856, RYDER v. STATE
Discussed
 2017 OK CR 22, 406 P.3d 27, SANCHEZ v. STATE
Discussed
 2021 OK CR 11, WITHDRAWN
Cited
 2021 OK CR 21, STATE ex rel. MATLOFF v. WALLACE
Discussed at Length
 2021 OK CR 25, RYDER v. STATE
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 701.7, Murder in the First Degree
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1089, Post-Conviction Relief for Death Penalty Conviction - Grounds for Appeal
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA