BOSSE v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BOSSE v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BOSSE v. STATE
2021 OK CR 30
Case Number: PCD-2019-124
Decided: 10/07/2021
SHAUN MICHAEL BOSSE, Petitioner v. THE STATE OF OKLAHOMA, Respondent
Cite as: 2021 OK CR 30, __ __

 

 

OPINION

LEWIS, JUDGE:

¶1 Shaun Michael Bosse was tried by jury and convicted of three counts of first degree murder and one count of first degree arson in the District Court of McClain County, Case No. CF-2010-213. The jury sentenced to him to death for each murder and thirty-five years imprisonment and a $25,000.00 fine for arson. The Honorable Greg Dixon, District Judge, pronounced judgment and sentence accordingly. On direct appeal, this Court affirmed Mr. Bosse's convictions and sentences. Bosse v. State, 2015 OK CR 14, 360 P.3d 1203. The Court also denied an original application for post-conviction relief. Bosse v. State, No. PCD-2013-360 (Okl.Cr., Dec.16, 2015) (unpublished).

¶2 The United States Supreme Court vacated the judgment on direct appeal and remanded for further consideration of the death sentences in light of Booth v. Maryland, 482 U.S. 496 (1987) and Payne v. Tennessee, 501 U.S. 808 (1991). Bosse v. Oklahoma, 137 S.Ct. 1 (2016). After further consideration, this Court again affirmed. Bosse v. State, 2017 OK CR 10, 400 P.3d 834.

¶3 Mr. Bosse's convictions and sentences became final on March 5, 2018, when the Supreme Court denied his petition for certiorari to review that decision. Bosse v. Oklahoma, 138 S.Ct. 1264 (2018). Mr. Bosse filed this second application for post-conviction relief on February 20, 2019, arguing three grounds for relief:

1. Because jurisdiction for Indian Country crimes rests exclusively in federal court, Oklahoma lacked jurisdiction to prosecute Mr. Bosse, and his convictions are void ab initio;

2. Trial counsel were ineffective by failing to adequately investigate Bosse's life history, and failing to adequately prepare witnesses, which deprived him of a fair and reliable sentencing. Direct appeal and post-conviction counsel were equally ineffective for failing to raise that issue. These failings all violated the Sixth, Eighth, and Fourteenth Amendments.

3. The cumulative effect of errors deprived Mr. Bosse of his constitutional rights to due process and a fair capital sentencing under the Sixth, Eighth, and Fourteenth Amendments.

¶4 We have said many times that the post-conviction procedure is not intended to provide a second appeal. Carter v. State, 1997 OK CR 22, ¶ 2, 936 P.2d 342, 343. The statutes governing our review of second or successive capital post-conviction applications provide even fewer grounds to collaterally attack a judgment and sentence than the narrow grounds permitted in an original post-conviction proceeding. Sanchez v. State, 2017 OK CR 22, ¶ 6, 406 P.3d 27, 29.

¶5 This Court "may not consider the merits of or grant relief" on a second or successive capital post-conviction application unless the claims "have not been and could not have been presented" in a previous application, either because the legal basis was unavailable; or because the factual basis was unavailable, and that factual basis, "if proven and viewed in light of the evidence as a whole," would establish "clear and convincing evidence that, but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death." 22 O.S.2011, § 1089(D)(8)(a), (b)(1) and (2).

¶6 A successive application must be filed within sixty days from the date the previously unavailable legal or factual basis is announced or discovered. Rule 9.7(G)(3), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2021). On review of the application, this Court must determine: (1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist; (2) whether the claims were or could have been raised in earlier proceedings; and (3) whether relief may be granted. § 1089(D)(4).

¶7 Mr. Bosse's first ground for relief, alleging a defect of state criminal jurisdiction because these crimes were committed against Indians in Indian Country, involved potentially controverted and unresolved factual issues. This Court remanded to the District Court of McClain County for an evidentiary hearing on the status of Mr. Bosse's victims as Indians; and whether, applying the Supreme Court's intervening decision in McGirt v. Oklahoma, 140 S. Ct. 2452 (2020), the Chickasaw Reservation had been disestablished by Congress, and thus, whether the crimes occurred in Indian Country.

¶8 After hearing evidence, the District Court entered undisputed findings of fact and conclusions of law determining that Mr. Bosse's victims were Chickasaw Indians; and that the crimes were committed in Indian Country, because the Chickasaw Reservation was never disestablised by Congress.

¶9 This Court accepted these determinations. We further concluded that Mr. Bosse's Indian Country claim was cognizable in this second post-conviction proceeding. The legal basis was unavailable at the time of his direct appeal and prior post-conviction application, because no final decision of an Oklahoma or federal appellate court had recognized any of the Five Tribes' historic reservations as Indian Country prior to McGirt in 2020. See § 1089(D)(8)(a).[1] We therefore initially granted post-conviction relief, reversing the convictions and remanding with instructions to dismiss in Bosse v. State, 2021 OK CR 3, 484 P.3d 286.

¶10 At the State's request, this Court stayed the mandate on April 15, 2021, and the Supreme Court subsequently stayed the issuance of mandate on May 26, 2021. On August 6, 2021, the State of Oklahoma filed a petition for a writ of certiorari seeking review of this Court's opinion granting Mr. Bosse post-conviction relief with the Supreme Court. Oklahoma v. Bosse, No. 21-186.

¶11 However, on August 12, 2021, this Court, in State ex rel. Matloff v. Wallace, 2021 OK CR 21, ___ P.3d ___, held that McGirt's holding, and its impact on state criminal jurisdiction in a vastly expanded Indian Country, was a procedural change of law that would not apply retroactively to convictions already final when McGirt was announced. Based on Matloff, on August 31, 2021, this Court set aside its earlier order pending further consideration of Mr. Bosse's successive post-conviction claims. Bosse v. State, 2021 OK CR 23, ___ P.3d ___.[2] We now turn again to Mr. Bosse's grounds for relief.

¶12 With respect to Mr. Bosse's first ground for relief, we again affirm the trial court's undisputed determinations that Mr. Bosse's victims were Indians, and that the crimes occurred within the historic boundaries of the Chickasaw Reservation. Applying the Supreme Court's analysis in McGirt, we also affirm the trial court's legal conclusion that the Chickasaw Reservation was never disestablished by Congress, and the lands within its historic boundaries are Indian Country. 18 U.S.C. § 1151 ("Indian country" includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government").

¶13 However, no post-conviction relief should be granted on Mr. Bosse's first ground for relief. Mr. Bosse's convictions and sentences were final in 2018, long before the Supreme Court decided McGirt in July, 2020. What we said in Matloff applies with even greater force here:

[Mr. Bosse's] legitimate interests in post-conviction relief for this jurisdictional error are minimal or non-existent. McGirt raises no serious questions about the truth-finding function of the state courts that tried [Mr. Bosse] and so many others in latent contravention of the Major Crimes Act. The state court's faulty jurisdiction (unnoticed until many years later) did not affect the procedural protections Mr. [Bosse] was afforded at trial. The trial produced an accurate picture of his criminal conduct; the conviction was affirmed on direct review; and the proceedings did not result in the wrongful conviction or punishment of an innocent person. A reversal of Mr. [Bosse's] final conviction now undoubtedly would be a monumental victory for him, but it would not be justice.

Matloff, 2021 OK CR 21, ¶ 9, __ P.3d __, __.

¶14 Following the state law analysis set forth in Matloff in interpreting the remedial scope of the post-conviction statutes, we decline to apply McGirt and our post-McGirt reservation rulings retroactively to void Mr. Bosse's final convictions. Mr. Bosse's first ground for post-conviction relief is denied.

¶15 In his second ground for relief, Mr. Bosse alleges that all of his prior counsel were ineffective, and requests an evidentiary hearing to further develop his claim. He first alleges that a "dysfunctional" trio of trial attorneys failed to conduct reasonable mitigation investigation,[3] adequately prepare witnesses, and utilize mitigation experts. He also argues that trial counsel acted contrary to his interests to avoid future ineffectiveness claims. Mr. Bosse maintains that as a result of their deficient performance, he suffered prejudice in the form of an unreliable sentencing trial that resulted in his sentences of death.

¶16 Our cognizance of this claim turns initially on whether it has not and could not have been presented in his earlier post-conviction application because the factual basis was unavailable. § 1089(D)(8)(b)(1). A claim is factually unavailable in the sense required here when the facts were "not ascertainable through the exercise of reasonable diligence" on or before the filing of a previous application. Id. If the factual basis of the claim was unavailable, the applicant must also show that the error resulted in a miscarriage of justice,[4] that is, either a wrongful conviction or sentence. The proven facts, viewed in light of the evidence as a whole, must "establish by clear and convincing evidence that, but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death." § 1089(D)(8)(b)(2) Stating these two requirements in the conjunctive "and," the statute procedurally bars review or relief unless the applicant satisfies both factual requisites.[5]

¶17 Mr. Bosse's trial counsel ineffectiveness claim could have been raised in earlier proceedings. The factual basis--including the proffered testimony of lay and expert witnesses about mitigating aspects of Mr. Bosse's life history; trial counsel's allegedly unethical countermeasures to avoid an ineffectiveness claim; and the evidence of their failure to reasonably investigate or prepare--could have been ascertained with reasonable diligence and presented in his previous post-conviction application, or even on direct appeal. This challenge to trial counsel's effectiveness on the factual basis now asserted is procedurally barred. Sanchez, 2017 OK CR 22, ¶ 8, 406 P.3d at 29.

¶18 The related argument that appellate counsel mishandled this viable claim[6] of ineffective trial counsel--due to their allegedly erroneous opinions about the effect of Mr. Bosse's on-the-record admission that he was satisfied with trial counsel--also involves a factual basis that was ascertainable with reasonable diligence at the time of the earlier post-conviction application. Appellate counsel made their decision to forego an ineffectiveness claim (on factual grounds like those now asserted) before the direct appeal brief was filed in August, 2014. The facts concerning that decision were ascertainable with reasonable diligence before or at the time the first post-conviction application was filed almost a year later in August, 2015. This ground for relief is also procedurally barred. Id.

¶19 Mr. Bosse finally argues that original post-conviction counsel was deficient for omitting the current claim that appellate counsel was deficient for omitting the current claim that trial counsel was deficient.[7] The only additional fact involved is that post-conviction counsel filed the previous application. This claim depends entirely on the same factual basis as the others, which could have been ascertained with reasonable diligence on or before the earlier post-conviction application. This ground for relief is also procedurally barred. Id.

¶20 The foregoing conclusions are sufficient to preclude further review on Mr. Bosse's second ground for relief. However, we also conclude from this record that the facts presented, if proven, when viewed in the light of the evidence as a whole, do not establish clear and convincing evidence that, but for counsel's alleged errors, no reasonable fact finder would have rendered the penalty of death.[8] Mr. Bosse's motion requesting an evidentiary hearing to further develop his new factual claims, and his second ground for post-conviction relief, are therefore denied.

¶21 In his third ground for relief, Mr. Bosse seeks post-conviction relief based on cumulative error. As we have said previously, we do not review or consider errors raised or decided in previous proceedings in a successive post-conviction application. Coddington v. State, 2011 OK CR 21, ¶ 22, 259 P.3d 833, 840. The third ground for post-conviction relief is denied.

DECISION

¶22 The motion for evidentiary hearing and second application for post-conviction relief are DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2021), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

APPEARANCES BY COUNSEL

 
 
 
 MICHAEL W. LIEBERMAN
 SARAH JERNIGAN
 EMMA ROLLS
 ASST. FEDERAL DEFENDERS
 215 DEAN A. MCGEE, STE. 707
 OKLAHOMA CITY, OK 73102
 ATTORNEYS FOR PETITIONER
 
 
 MIKE HUNTER
 ATTORNEY GENERAL
 MITHUN MANSINGHANI
 SOLICITOR GENERAL
 JENNIFER CRABB
 CAROLINE E. J. HUNT
 ASST. ATTORNEYS GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 ATTORNEYS FOR RESPONDENT
 
 
 
 
 STEPHEN GREETHAM
 DEBRA GEE
 4001 N. LINCOLN BLVD.
 OKLAHOMA CITY, OK 73105

 FRANK S. HOLLEMAN
 DOUGLAS B.L. ENDRESON
 1425 K STREET, NW, SUITE 600
 WASHINGTON, DC 20005

 ATTORNEYS FOR AMICUS
 CHICKASAW NATION
 
  
 
 

 

OPINION BY: LEWIS, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LUMPKIN, J.: Concur

FOOTNOTES

[1] See also McGirt, 140 S.Ct. at 2460 (noting this Court's rejection of the claimed Muscogee (Creek) Reservation, the Tenth Circuit's opposite conclusion in Murphy v. Royal, 875 F.3d 896 (2017), and the Supreme Court's grant of certiorari to settle the question).

[2] The State subsequently dismissed its petition for certiorari in Oklahoma v. Bosse as moot. Bosse has since moved to stay further proceedings in this case pending the Supreme Court's consideration of a certiorari petition to review this Court's decision in Matloff. The motion to stay is DENIED.

[3] Bosse presents with his application a series of affidavits from witnesses to his family history, stating that from an early age Bosse was subjected to ongoing physical (some of it sexual) and mental abuse and neglect from his parents and a grandfather, and cruelty and beatings from his brother; and that he developed a drug problem and mental health problems as a result of these adverse experiences.

[4] This latter requirement is similar to the Supreme Court's "miscarriage of justice" exception allowing limited review of successive, abusive, or procedurally defaulted claims in federal habeas corpus. See Sawyer v. Whitley, 505 U.S. 333, 336 (1992) (finding successive habeas challenge to death sentence can obtain otherwise barred relief by showing a miscarriage of justice, i.e., "by clear and convincing evidence that, but for a constitutional error, no reasonable juror" would have found the petitioner eligible for the death penalty); Schlup v. Delo, 513 U.S. 298, 326-27 (1995)(finding successive habeas ineffectiveness and Brady claims were cognizable upon showing that the error more likely than not resulted in miscarriage of justice by the conviction of a factually innocent person).

[5] Because Mr. Bosse requests an evidentiary hearing on this claim, we also consider whether the application and exhibits contain sufficient information to establish by "clear and convincing evidence" the materials are "likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief." Rule 9.7(D)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2021).

[6] Appellate counsel did raise two other claims of ineffectiveness against trial counsel, challenging their failure to object to a medical examiner's testimony and improper closing argument. See Bosse v. State, 2015 OK CR 14, ¶ 84, 360 P.3d at 1234.

[7] Bosse's first post-conviction application initially alleged both trial and appellate counsel's ineffectiveness, but the actual claim presented argued only trial counsel's ineffectiveness for failing to interview a particular witness, and "offer[ed] no factual claim or argument directed at appellate counsel . . . ." See Bosse v. State, No. PCD-2013-360, at 2 (Okl.Cr., Dec. 16, 2015) (unpublished).

[8] Mr. Bosse concedes that his guilt in this triple homicide and arson is overwhelming, so there is no issue whether the alleged errors of his prior counsel resulted in wrongful convictions.

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 

Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2021 OK CR 39, BENCH v. STATE
Cited


 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2011 OK CR 21, 259 P.3d 833, CODDINGTON v. STATE
Discussed
 2015 OK CR 14, 360 P.3d 1203, BOSSE v. STATE
Discussed at Length
 2017 OK CR 10, 400 P.3d 834, BOSSE v. STATE
Discussed
 2017 OK CR 22, 406 P.3d 27, SANCHEZ v. STATE
Discussed at Length
 2021 OK CR 3, 484 P.3d 286, WITHDRAWN
Cited
 2021 OK CR 21, 497 P.3d 686, STATE ex rel. MATLOFF v. WALLACE
Discussed
 2021 OK CR 23, 495 P.3d 669, BOSSE v. STATE
Cited
 1997 OK CR 22, 936 P.2d 342, Carter v State
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1089, Post-Conviction Relief for Death Penalty Conviction - Grounds for Appeal
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA