DAVISON v. STATE2023 OK CR 11531 P.3d 649Case Number: PCD-2022-1033Decided: 06/01/2023DUSTIN MELVIN DAVISON, Petitioner v. THE STATE OF OKLAHOMA, Respondent.
Cite as: 2023 OK CR 11, 531 P.3d 649

 

OPINION DENYING SECOND APPLICATION FOR CAPITAL
POST-CONVICTION RELIEF AND RELATED MOTIONS

LEWIS, JUDGE:

¶1 Dustin Melvin Davison, Petitioner, was tried by jury and found guilty of first-degree murder, in violation of 21 O.S.Supp.2012, § 701.7Davison v. State, 2020 OK CR 22478 P.3d 462(Davison I), cert. denied, Davison v. Oklahoma, 142 S.Ct. 206 (2021), and denied Petitioner's initial application for post-conviction relief. Davison v. State, No. PCD-2018-1081 (Okl.Cr., March 25, 2021)(unpublished)(Davison II).

¶2 Petitioner now seeks capital post-conviction relief in a second application and related motions filed November 28, 2022. His second application presents a single, omnibus claim that "ineffective assistance of trial, appellate, and post-conviction counsel" violated his "Sixth, Eighth, and Fourteenth Amendment rights." He also submits an appendix with twenty attachments and motions for discovery and evidentiary hearing.

¶3 The Post-Conviction Procedure Act has always provided very limited grounds upon which to collaterally attack a judgment and sentence. Claims that could have been raised in previous appeals but were not are generally waived. 22 O.S.Supp.2022, § 1089res judicata. Bench v. State, 2021 OK CR 39504 P.3d 592Rules of the Oklahoma Court of Criminal Appeals, Title 22 O.S., Ch. 18, App (2023). The relevant statute similarly provides that this Court "may not consider the merits of or grant relief" on claims contained in a second or successive capital post-conviction application unless the claims "have not been and could not have been presented" because the factual or legal basis was unavailable at the time of filing a prior application. 22 O.S.Supp.2022, § 1089

¶4 The legal basis of a claim is unavailable only when it "was not recognized by or could not have been reasonably formulated from a final decision" of an Oklahoma or federal appellate court at the time of filing a previous application; or "is a new rule of constitutional law that was given retroactive effect" either by the U.S. Supreme Court or an Oklahoma appellate court and "had not been announced on or before" the filing date of a previous application. § 1089(D)(9).

¶5 The factual basis of a claim is "unavailable" when the facts "were not ascertainable through the exercise of reasonable diligence" at the time of filing a prior application; and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death." § 1089(D)(8)(b)(1) and (2).

¶6 Petitioner's current claim involves neither a previously unrecognized legal basis nor the application of a new constitutional rule declared retroactive since his prior application. The task before us then is first to determine whether the factual basis of Petitioner's claim was not ascertainable through the exercise of reasonable diligence on or before the filing of his prior application; and whether the current application was timely filed within sixty days from the date the previously unavailable factual basis was discovered. Rule 9.7(G)(3).

¶7 If the factual basis for Petitioner's claim was not ascertainable through the exercise of reasonable diligence, and the application was filed within sixty days of the factual discovery, we apply clearly established federal law to Petitioner's claim of ineffective assistance of counsel. See 22 O.S.Supp.2022, § 1089Strickland v. Washington, 466 U.S. 668, 687, 688 (1984).

¶8 If this Court determines that a violation of Petitioner's right to effective counsel has been demonstrated from facts not previously ascertainable with reasonable diligence and timely presented in this second application, the statute then directs that we assess whether "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death." § 1089(D)(8)(b)(1) and (2).

¶9 In sum, unless the factual basis of a claim is (1) previously unavailable, and (2) timely presented within sixty days of discovery, and (3) the error shown by those facts resulted in the kind of miscarriage of justice defined by statute,Id. (providing that "provisions of this paragraph shall apply irrespective of the nature of the claims raised in the application").

¶10 In the first section of his omnibus ineffectiveness claim, Petitioner argues that trial counsel "failed to provide either the correct notice or sufficient evidence" during repeated mid-trial requests to suspend the proceedings for an evaluation of Petitioner's competency to stand trial. Among other things, counsel points to a defense investigator's "competency concerns" at least six months before trial; and that trial counsel waited until the fifth day of trial to raise the issue of Petitioner's incompetency. Petitioner argues that trial counsel's presentation of the issue was deficient in failing to provide the correct notice to interested parties, offering only layperson observations of Petitioner's mental state, and omitting any expert opinion. Petitioner concludes that trial counsel deficiently failed to raise a doubt as to his competency "despite the existence of those facts."

¶11 The factual basis for this allegation of trial counsel's ineffectiveness was ascertainable with reasonable diligence at the time of Petitioner's direct appeal and prior post-conviction application. The premise of the claim is that the facts allegedly demonstrating a doubt of Petitioner's competency existed at the time of trial but were not effectively presented by trial counsel. Because the factual basis of this claim was available in prior proceedings, further review, or relief on this aspect of Petitioner's omnibus claim is procedurally barred in a second post-conviction proceeding.

¶12 In the second section of Petitioner's omnibus ineffectiveness claim, he argues that trial counsel failed to adequately "investigate, prepare, and litigate" the sentencing stage of trial.

¶13 The issue of ineffective counsel in the development and utilization of mitigating evidence in the penalty phase was raised and decided on direct appeal, Davison I, 2020 OK CR 22

¶14 The factual basis for this claim was ascertainable through the exercise of reasonable diligence at the time of direct appeal and prior post-conviction proceedings. Prior counsel either did, or reasonably could have, ascertained the supporting facts submitted in the current application from family, defense team members, and other lay witnesses. Even assuming that some expert testimony obtained by Petitioner's federal habeas counsel and presented now was not reasonably ascertainable for the initial post-conviction application (which is by no means shown here), this second application was not filed within sixty days of the date that these facts were reasonably ascertainable by current counsel, i.e., the dates these reports were provided by experts on September 6 and 9, 2022. Review of these materials in a second post-conviction application is procedurally barred. See Rule 9.7(G)(3), supra.

¶15 In the third section of Petitioner's omnibus ineffectiveness claim, he argues that trial counsel was "rendered ineffective" by the "circumstances" of the trial. He first identifies the "trial court's refusal to recuse from" a hearing on defense counsel's request to withdraw from representation. He then alleges that, as a result of these rulings, a "complete breakdown of the attorney-client relationship" forced him to proceed "without an effective advocate" and denied him the right to counsel.

¶16 The factual basis for Petitioner's challenges to the trial court's alleged bias and refusal to recuse from hearings on trial counsel's motions to withdraw, and the breakdown in the attorney-client relationship that allegedly resulted from the trial court's rulings, was ascertainable through the exercise of reasonable diligence in prior proceedings. Indeed, initial post-conviction counsel presented claims of ineffective trial and appellate counsel factually based on their respective failures to challenge the trial court's alleged bias.

¶17 We concluded in our initial post-conviction review that trial and appellate counsel were not unreasonably deficient, and that no prejudice to Petitioner resulted, from their presentation or failure to present, issues of alleged trial court bias. See Davison II at 8-10. Because these issues either have been, or could have been, presented in prior proceedings, further consideration of them in this second post-conviction proceeding is procedurally barred. 22 O.S.Supp.2022, § 1089

¶18 In the fourth section of Petitioner's omnibus ineffectiveness claim, he argues that the trial court's refusal to suspend the proceedings on the basis of trial counsel's mid-trial applications for competency evaluations "rendered counsel's performance deficient," making it "impossible" to present further lay and expert evidence on his competency to stand trial. The factual basis for this claim was ascertainable through the exercise of reasonable diligence in prior proceedings. This Court on direct appeal reviewed the trial court's decision to deny mid-trial defense motions for a determination of competency; and found no abuse of the trial court's considerable discretion in determining that the evidence raised no bona fide doubt of Petitioner's competency. Davison I, 2020 OK CR 22

¶19 In the fifth and sixth sections of Petitioner's omnibus ineffective counsel claim, he argues that appellate and post-conviction counsel were ineffective because they "omitted the IAC grounds here raised;" and urges that this Court should review "all of Davison's IAC allegations in context of the larger overall claim." We will simply endeavor to review Petitioner's claims according to this Court's rules, the statutory requirements governing post-conviction review, and clearly established federal law as set forth above.

¶20 According to these standards, Petitioner's current claims of ineffective appellate counsel, based on the omission of the foregoing aspects of trial counsel's ineffectiveness from direct appeal, are procedurally barred. The factual basis of those claims was ascertainable through the exercise of reasonable diligence during prior post-conviction proceedings. Because those claims either were (in some instances) or could have been presented in the prior post-conviction application, they are procedurally barred from further review.

¶21 Petitioner ultimately seeks to obtain review of all aspects of his current omnibus claim of ineffective trial and appellate counsel through the related claim that initial post-conviction counsel was also ineffective. The factual basis for this allegation that was not ascertainable with reasonable diligence in prior proceedings is that initial post-conviction counsel either omitted certain aspects of Petitioner's current omnibus claim altogether or presented certain aspects of his omnibus claim in a way that current counsel deems ineffective in light of their investigation.

¶22 Since the factual particulars of initial post-conviction counsel's presentation of claims became reasonably ascertainable only after the filing of the initial post-conviction application, and any prejudice became apparent only after this Court denied the first application, this aspect of Petitioner's omnibus claim meets the first requirement for review in this second post-conviction application. 22 O.S.Supp.2022, § 1089

¶23 In addition to documents previously submitted or plainly available at the time of the initial post-conviction application, current counsel also submits in the Appendix the recently obtained reports of two forensic psychological evaluations of Petitioner, as well as more recent affidavits from his family members, a legal intern, and two defense investigators, the last of which is dated September 30, 2022. Since the factual basis of the claim was not fully discovered before the last of these materials was obtained in late September, 2022, Petitioner's filing of the claim, on November 28, 2022, was within sixty days of its factual discovery, as required by Rule 9.7(G)(3).

¶24 We recognize the right to be represented by capital post-conviction counsel, though not guaranteed in the Constitution, is granted by Oklahoma statute; and that right, if it means anything, means the right to reasonably effective counsel. Since the factual basis for this aspect of Petitioner's omnibus claim was not ascertainable through the exercise of reasonable diligence in a prior proceeding, Petitioner must now show both that initial post-conviction counsel's performance "fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687-88 (1984).

¶25 If this Court determines that both deficient performance and prejudice resulted in an error, that is, a violation of the statutory right to post-conviction counsel, we will then assess whether "but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death." See 22 O.S.Supp.2022, § 1089

¶26 Deficient performance by counsel falls entirely outside the broad range of reasonably competent assistance. The challenged acts or omissions of counsel must be shown to be "completely unreasonable, not merely wrong." Harmon v. Sharp, 936 F.3d 1044, 1058 (10th Cir. 2019) (internal quotation marks omitted). Petitioner must further demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

¶27 Counsel in an initial post-conviction proceeding can obtain relief only for errors which "were not or could not have been raised in a direct appeal," and which support a conclusion "either that the outcome of the trial would have been different . . . or that the defendant is factually innocent." 22 O.S.Supp.2022, § 1089

¶28 From our examination of the extensive record created at trial, on direct appeal, during initial post-conviction review, and in this proceeding, we conclude that Petitioner has not shown that initial post-conviction counsel was ineffective. The capital trial record shows an aggravated brutal murder of a defenseless child by a defendant with no credible claim of innocence, with both strong aggravating and important mitigating factors placed before a jury that unanimously sentenced Petitioner to death. The direct appeal was litigated by experienced counsel who presented cogent but ultimately unsuccessful arguments for reversal. Direct appeal counsel also presented this Court with the results of a neuropsychological evaluation of the Petitioner in connection with a direct appeal claim of ineffective trial counsel.

¶29 Post-conviction counsel obtained interviews with trial counsel, Petitioner's family, and other lay witnesses to develop additional mitigating evidence and background information. Post-conviction counsel retained a new psychological expert who evaluated Petitioner and authored an evaluation presented to this Court. Counsel challenged at least ten areas of trial and appellate representation as ineffective assistance by previous counsel, some of which are repeated or factually supplemented in the arguments presented here. Post-conviction counsel presented motions for discovery and an evidentiary hearing, which this Court denied. Initial post-conviction counsel may have omitted some aspects of trial and appellate ineffectiveness presented in this application, but these arguments prove no more persuasive now than they would have in earlier proceedings.

¶30 From our review, we cannot say that post-conviction counsel made errors so serious that they were not functioning as the reasonably effective counsel guaranteed by statute. The current proceeding mostly tends to prove that given enough time and resources, more can almost always be done in the sincere effort to mitigate even the most aggravated of capital crimes. But additional facts are not the same as previously unavailable facts. The facts presented here do not substantially shift the balance of aggravation and mitigation shown by the evidence at trial and submissions considered in prior proceedings; nor do they reveal unprofessional and prejudicial tactical errors by prior counsel. The record shows no unreasonable deficiency on the part of post-conviction counsel.

¶31 Even if post-conviction counsel were arguably deficient in some particulars of the presentation of Petitioner's claims, which has not been established in our view, we assuredly cannot say that "but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death." See 22 O.S.Supp.2022, § 1089

¶32 We have reviewed, and also deny, Petitioner's motions for further discovery and evidentiary hearing. Petitioner's motion for discovery, including a request for all discovery sought in the trial court, every prosecution file, answers to various interrogatories, and all documentation supporting the alleged incompetency of trial counsel, the alleged bias of the trial court "against other criminal defendants, attorneys, or legal team members," etc., is ambitious in its scope, but makes no credible attempt to rebut the presumption of prior compliance with discovery, or to demonstrate the material being sought would have resulted in a different outcome at trial, as required by Rules 9.7(D)(1)(b) and (D)(3). The request for an evidentiary hearing is governed by Rule 9.7(D)(5)'s requirement that it provide "sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief." We find no evidentiary hearing is warranted under this demanding standard.

DECISION

¶33 Petitioner's second application for post-conviction relief and related motions for discovery and evidentiary hearing are DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

ATTORNEYS FOR PETITIONER

KATRINA CONRAD-LEGLER
THOMAS D. HIRD
215 DEAN A. MCGEE, STE. 707
OKLAHOMA CITY, OK 73107      NO RESPONSE ORDERED.

OPINION BY: LEWIS, J.
HUDSON, V.P.J.: Concur
LUMPKIN, J.: Concur in Part and Dissent in Part
MUSSEMAN, J.: Concur
WINCHESTER, J.: Concur

FOOTNOTES

See 28 U.S.C. § 2244(b)(2)(B)(ii). The federal statute was derived from earlier case law allowing review of otherwise procedurally defaulted, abusive, or successive habeas claims, including claims of ineffective counsel. See Bosse v. State, 2021 OK CR 30499 P.3d 771 (citing Sawyer v. Whitley, 505 U.S. 333, 336 (1992) (finding otherwise barred successive habeas challenge to death sentence can obtain review by showing "clear and convincing evidence that, but for a constitutional error, no reasonable juror" would have found the petitioner eligible for the death penalty); and Schlup v. Delo, 513 U.S. 298, 326-27 (1995)(finding successive ineffective counsel and Brady claims were cognizable when coupled with a showing that the alleged error probably resulted in the conviction of a factually innocent person).

 

 

LUMPKIN, JUDGE: CONCUR IN PART/DISSENT IN PART

¶1 I concur in the denial of relief in this Second Application for Post-Conviction Relief. However, I dissent to the analysis of the ineffective assistance of counsel claim.

¶2 Our review of post-conviction claims in capital cases starts with, and is limited by, the provisions of 22 O.S.Supp.2022, § 1089

The only issues that may be raised in an application for post-conviction relief are those that:

1. Were not and could not have been raised in a direct appeal; and

2. Support a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent.

22 O.S.Supp.2022, § 1089

¶3 Grounds for this Court's review are even more limited in the case of a second or successive application for post-conviction relief. This Court "may not consider the merits of or grant relief based on the untimely original application, or a subsequent application, unless":

a. the application contains claims and issues that have not been and could not have been presented previously in a timely original application or in a previously considered application filed under this section, because the legal basis for the claim was unavailable, or

b. (1) the application contains sufficient specific facts establishing that the current claims and issues have not and could not have been presented previously in a timely original application or in a previously considered application filed under this section, because the factual basis for the claim was unavailable as it was not ascertainable through the exercise of reasonable diligence on or before that date, and

(2) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death.

22 O.S.Supp.2022, § 1089

¶4 Claims raised under subsection (D)(8) must relate back to basic provisions of 22 O.S.Supp.2022, § 1089

For purposes of this act, a legal basis of a claim is unavailable on or before a date described by this subsection if the legal basis:

a. was not recognized by or could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date, or

b. is a new rule of constitutional law that was given retroactive effect by the United States Supreme Court or a court of appellate jurisdiction of this state and had not been announced on or before that date.

¶5 A claim of ineffective assistance of counsel is the one claim on appeal that does not rely on actual underlying facts or evidence relating to the crime; rather, it is based on allegations that a lawyer failed to use facts/testimony or improperly used facts/testimony while representing the defendant during criminal proceedings. It is the only claim on appeal that is not based on an objection at trial, or which qualifies for review under the plain error doctrine. A claim of ineffective assistance of counsel is not based on a factual or a legal basis previously unavailable to an appellant. It is an independent claim regarding the actions of an attorney in failing to use certain facts/evidence or in improperly using facts/evidence, during criminal proceedings. Our statutes do not set out ineffective assistance of counsel as a stand-alone claim. Counsel's actions are separate from matters involving evidence presented at trial and trial procedure. This claim is a vehicle created by courts to oversee attorney performance thereby ensuring effective assistance of counsel for criminal defendants.

¶6 Pursuant to our case law, if a claim of ineffective assistance of trial counsel is raised on direct appeal and the claim is denied then all post-conviction allegations regarding trial counsel's ineffectiveness are procedurally barred based on waiver if the facts/testimony underlying the claim were reasonably available but not used. If the ineffectiveness claim was not raised on direct appeal, then the claim of ineffective assistance can be raised in the first post-conviction application based on the claim that direct appeal counsel was ineffective for not raising, or improperly raising, the facts/testimony known or reasonably discoverable before or during trial. Our review in that instance is de novo.

¶7 Our decision on the effectiveness of counsel on the first post-conviction adjudicates the claim of ineffective assistance of counsel all the way back to trial counsel if not raised on direct appeal and then it is the fact direct appeal counsel did not raise the issues which forms the basis of the claim. Any future claims of ineffective assistance of trial counsel are procedurally barred.

¶8 Further, any claim of ineffective assistance of counsel beyond that of counsel on the original post-conviction application is not a factual basis upon which to base a subsequent post-conviction application. The actions of counsel are not facts but rather actions of a collateral party and subject to the procedure we use to evaluate ineffective assistance of counsel claims regardless of the stage of the proceeding, but subject to the time limitations established by our rules. In this type of case the subsequent ineffective assistance of counsel claim must be filed within 60 days of the issuing of the opinion in the previous post-conviction application.

¶9 Any subsequent post-conviction ineffective assistance of counsel claim can only legitimately raise the allegation that first post-conviction counsel did not claim ineffective assistance based on the same facts/testimony that were not raised at the first opportunity by prior counsel. The claim of ineffective assistance is based on a failure to act or an improper act by prior counsel and not on the underlying facts/testimony in the trial that were not challenged as issues that should have been raised.

¶10 At this stage of the proceedings, it would seem that any facts/testimony upon which the claim of ineffective assistance of counsel could be based would need to pass the test of newly discovered evidence and the claim would lack merit unless the evidence was newly discovered and was relevant, material, not cumulative, would prove actual innocence, or would change the verdict or sentence. This is because post-conviction review under Section 1089 is limited by statutory language. Our rules merely apply the statutory provisions and do not create an independent basis for a claim, only the time limits in which a claim can be made.

¶11 The review of the claim of ineffective assistance of post-conviction counsel raised in this case should be conducted de novo. Under Rule 9.7(G)(3), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the claim was not brought within 60 days from the date the prior post-conviction application was denied and is therefore procedurally barred as out of time.